# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| SCOTT A. KNIOLA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:16-CV-506-PRC |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Scott A. Kniola on

December 2, 2016, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner

of Social Security [DE 15], filed by Plaintiff on August 7, 2017. Plaintiff requests that the August

13, 2015 decision of the Administrative Law Judge denying his claim for supplemental security

income be reversed and remanded for further proceedings. On November 14, 2017, the

Commissioner filed a response, and Plaintiff filed a reply on December 1, 2017. For the following

reasons, the Court grants Plaintiff's request for remand.

## BACKGROUND

Plaintiff filed an application for supplemental security income on May 28, 2013. His claim

was denied initially and upon reconsideration. Plaintiff timely requested a hearing, which was held

on May 1, 2015, and presided over by Administrative Law Judge (ALJ) William G. Reamon. Present

at the hearing were Plaintiff, his attorney, and an impartial vocational expert.

The ALJ issued a written decision on August 13, 2015, concluding that Plaintiff was not

disabled based on the following findings:

1. The claimant has not engaged in substantial gainful activity since May 28, 2013, the application date.

2.      The claimant has the following severe impairments: dysfunction of the major joints, bilateral carpal and cubital tunnel syndrome; cervical spine degenerative disc disease with bilateral C5-6 and C6-7 foraminal stenosis; status-post hernia repair surgery; chronic obstructive pulmonary disease (COPD); diabetes mellitus; plantar fasciitis; and obesity.

3.      The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4.      After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except involving occasional lifting, carrying, pushing and/or pulling up to 10 pounds occasionally and less than 10 pounds frequently; sitting 6 hours of an 8-hour workday; standing and/or walking 2 hours total of an 8-hour workday with normal breaks; occasional climbing of ramps and/or stairs, but no climbing of ladders, ropes or scaffolds; occasional balancing, stooping, kneeling, crouching or crawling; [must] avoid concentrated exposure to extremes of temperatures and all exposure to pulmonary irritants and limited to frequent bilateral handling/fingering.

5.      The claimant is unable to perform any past relevant work.

6.      The claimant was born [in 1967] and was 45 years old, which is defined as a younger individual age 18-44 [sic], on the date the application was filed. The claimant subsequently changed age category to a younger individual age 45-49.

7.      The claimant has at least a high school education and is able to communicate in English.

8.      Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled.

9.      Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10.     The claimant has not been under a disability, as defined in the Social Security Act, since May 28, 2013, the date the application was filed.

(AR 15-21). Plaintiff then sought review before the Agency's Appeals Council, which denied his

request on October 5, 2016, leaving the ALJ's decision as the final decision of the Commissioner.

*See* 20 C.F.R. § 416.1481. On December 2, 2016, Plaintiff filed this civil action pursuant to 42

U.S.C. § 1383(c)(3) for review of the Agency's decision.

The parties filed forms of consent to have this case assigned to a United States Magistrate

Judge to conduct all further proceedings and to order the entry of a final judgment in this case. This

Court thus has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. §

1383(c)(3).

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the final decision of the agency and

indicates that the Commissioner's factual findings must be accepted as conclusive if supported by

substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse

only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous

legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence

consists of "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*,

345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the

evidence, resolve conflicts in evidence, or substitute its judgment for that of the ALJ. *See Boiles v.*

*Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000);

*Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an

ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not

whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and

the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir.

2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that [a reviewing court] may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and [her] conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that he suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A).

To be found disabled, the claimant's impairment must not only prevent him from doing his previous work, but considering his age, education, and work experience, it must also prevent him from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. § 1382c(a)(3)(B); 20 C.F.R. § 416.920(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. § 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If no, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if no, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity (RFC), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(I)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite [his] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the

burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 885-86; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## ANALYSIS

Plaintiff seeks reversal of the ALJ's decision and remand for further proceedings. In support of the requested relief, Plaintiff argues that the ALJ erred in weighing the treating physician's opinions, in evaluating Plaintiff's credibility, and in determining Plaintiff's RFC.

### A. Weight to Treating Physician Opinions

In determining whether a claimant is disabled, the ALJ "will always consider the medical opinions in [the] case record together with the rest of the relevant evidence . . . received." 20 C.F.R. § 416.927(b). The ALJ evaluates every medical opinion received. *Id.* § 416.927(c). This includes the opinions of nonexamining sources such as state agency medical and psychological consultants as well as outside medical experts consulted by the ALJ. *Id.* § 416.927(e)(2).

Under what is known as the "treating physician rule," the opinion of a treating physician on the nature and severity of an impairment is given controlling weight if it "is well-supported by medically acceptable clinical and laboratory techniques and is not inconsistent with the other substantial evidence in [the] case record." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011); 20 C.F.R. § 416.927(c)(2). An ALJ must offer good reasons if he does not assign controlling weight to a treating physician's medical opinion. *Brown v. Colvin*, 845 F.3d 247, 252 (7th Cir. 2016).

When an ALJ does not give controlling weight to the opinion of a treating physician, or when the ALJ is assigning weight to a non-treating physician's opinion, the ALJ considers several factors and "must explain in the decision the weight given" to each opinion. 20 C.F.R. § 416.927(e)(2)(ii), (iii); *Scrogham v. Colvin*, 765 F.3d 685, 697-98 (7th Cir. 2014); *Bauer v. Astrue*, 532 F.3d 606, 608

(7th Cir. 2008). Social Security Ruling ("SSR") 96-5p clarifies that "medical source statements may actually comprise separate medical opinions regarding diverse physical and mental functions, such as walking, lifting, seeing, and remembering instructions, and that it may be necessary to decide whether to adopt or not adopt each one." 1996 WL 374183, at *4 (July 2, 1996).

Dr. Amanda Mathews, Plaintiff's treating physician, filled out a four-page Physical Medical Source Statement on April 23, 2015. *See* (AR 548-51). The ALJ only assigned weight to two specific opinions found in this statement. He found that "the limitation of 'low stress work' opined by Dr. Matthews [sic] is not given controlling weight," (AR 15), and that Dr. Mathews "is assigned minimum weight regarding her opinion that the claimant could stand and/or walk 'about 2 hours' of an 8-hour workday." (AR 20).

Dr. Mathews also opined that Plaintiff was able to sit for only 10 minutes at one time and for a total of 2 hours in an 8-hour workday. She further opined that Plaintiff needs a job that permits shifting positions, that Plaintiff must walk for 5 minutes every 20 minutes, and that Plaintiff will need unscheduled breaks of 5 to 10 minutes occurring about every 30 minutes. (AR 549). As Plaintiff correctly notes, the ALJ failed to address these treating physician opinions as required. The Commissioner did not respond to this argument. The ALJ erred by not considering and assigning weight to these opinions. Remand is required.

### B. Credibility

On March 28, 2016, SSR 16-3p became effective and issued new guidance regarding the evaluation of a disability claimant's statements about the intensity, persistence, and limiting effects of symptoms. *See* SSR 16-3p, 2016 WL 1237954 (Mar. 28, 2016). Under SSR 16-3p, an ALJ now assesses a claimant's subjective symptoms rather than assessing his "credibility." However, SSR 16-

3p is not retroactive; therefore, the credibility determination in the ALJ's decision is governed by the standard of SSR 96-7p.

In making a disability determination, the ALJ must consider a claimant's statements about his symptoms, such as pain, and how the symptoms affect his daily life and ability to work. *See* 20 C.F.R. § 416.929(a). Subjective allegations of disabling symptoms alone cannot support a finding of disability. *Id*. The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

(1)     The individual's daily activities;
(2)     Location, duration, frequency, and intensity of pain or other symptoms;
(3)     Precipitating and aggravating factors;
(4)     Type, dosage, effectiveness, and side effects of any medication;
(5)     Treatment, other than medication, for relief of pain or other symptoms;
(6)     Other measures taken to relieve pain or other symptoms;
(7)     Other factors concerning functional limitations due to pain or other symptoms.

*See* 20 C.F.R. § 416.929(c)(3). "Because the ALJ is in the best position to determine a witness's truthfulness and forthrightness . . . a court will not overturn an ALJ's credibility determination unless it is 'patently wrong.'" *Shideler v. Astrue*, 688 F.3d 306, 310-11 (7th Cir. 2012) (quotation marks omitted) (quoting *Skarbek v. Barnhart*, 390 F.3d 500, 504-05 (7th Cir. 2004)); *see also Prochaska*, 454 F.3d at 738. Nevertheless, "an ALJ must adequately explain his credibility finding by discussing specific reasons supported by the record." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013) (citing *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009)); SSR 96-7p, 1996 WL 374186, at *2 (Jul. 2, 1996) ("The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.").

Plaintiff has already shown that remand of this case to the agency is required. On remand,

SSR 16-3p, not SSR 96-7p, will apply. Accordingly, analysis of the ALJ's determination here of

Plaintiff's credibility under SSR 96-7p is neither necessary nor in the interest of judicial economy.

## C. RFC

The residual functional capacity ("RFC") is a measure of what an individual can do despite

the limitations imposed by his impairments. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004);

20 C.F.R. § 416.945(a). The determination of a claimant's RFC is a legal decision rather than a

medical one. 20 C.F.R. § 416.927(e)(1); *Diaz*, 55 F.3d at 306 n.2. The RFC is an issue at steps four

and five of the sequential evaluation process and must be supported by substantial evidence. SSR

96-8p, 1996 WL 374184, *3 (July 2, 1996); *Clifford*, 227 F.3d at 870.

"RFC is an assessment of an individual's ability to do sustained work-related physical and

mental activities in a work setting on a regular and continuing basis. A 'regular and continuing'

basis means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p at *1.

"The RFC assessment is a function-by-function assessment based upon all of the relevant evidence

of an individual's ability to do work-related activities." SSR 96-8p, at *3. The relevant evidence

includes medical history; medical signs and laboratory findings; the effects of symptoms, including

pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts

to work; need for a structured living environment; and work evaluations, if available. *Id*. at *5. In

arriving at an RFC, the ALJ "must consider all allegations of physical and mental limitations or

restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to

assess RFC." *Id*. The "ALJ must also consider the combined effects of all the claimant's

impairments, even those that would not be considered severe in isolation." *Terry*, 580 F.3d at 477;

*see also Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003).

Because Dr. Mathews's opinions should be considered in determining Plaintiff's RFC, and because the ALJ's consideration of Dr. Mathews's opinions is insufficient as discussed above, the RFC finding may change on remand. The ALJ is directed, on remand, to consider the evidence regarding Plaintiff's abilities to handle and finger.

## CONCLUSION

For these reasons, the Court **GRANTS** the relief sought in the Brief in Support of Plaintiff's Motion for Summary Judgment [DE 13], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further proceedings consistent with this Opinion and Order.

SO ORDERED this 14th day of March, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT